UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CENTURY 21 REAL ESTATE
CORPORATION,

                                                                            Case No. 04-10276-BC
                                                                            Honorable David M. Lawson

             Plaintiff,

v.

POWELL & ASSOCIATES, INC., d/b/a
CENTURY 21 DEPOT, and SHERISE
POWELL,

             Defendants.
_____/

**<u>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT,
DIRECTING ENTRY OF FINAL JUDGMENT WITH RESPECT
TO DEFENDANT POWELL & ASSOCIATES,
AND ADMINISTRATIVELY CLOSING CASE</u>**

      This matter is before the Court on the plaintiff's motion for default judgment. On October 8, 2004, the plaintiff filed a complaint alleging that the defendants, Sherise Powell and a corporation she controlled, Powell & Associates, failed to perform under a franchise agreement reached by the parties and seeking damages as a result. On November 22, 2004, the Clerk of Court entered default against the defendants pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend after service of the complaint and summons. On December 15, 2004, the plaintiff filed a motion for default judgment. The plaintiff appeared in open court for a hearing on damages along with newly-hired counsel for the defendants on March 9, 2005.

      At the hearing, the defendants made a motion on the record to set aside the entry of default. After considering the parties' arguments, the Court, from the bench, denied the defendants' motion but continued the hearing on damages to allow the defendants an opportunity to present evidence

in mitigation. By correspondence dated November 7, 2005, the plaintiff alerted the Court that defendant Sherise Powell has filed for bankruptcy protection. On November 9, 2005, the plaintiff appeared for a continued hearing on damages. Neither counsel for the defendants nor the defendants appeared. The plaintiff presented arguments on the record through counsel. The Court announced its ruling from the bench and granted the plaintiff's motion for default judgment with respect to defendant Powell & Associates. The Court further stated that it would administratively close the matter during the pendency of bankruptcy proceedings involving the remaining defendant, Sherise Powell.

In order to enter a final judgement against defendant Powell & Associates but not defendant Sherise Powell, Federal Rule of Civil Procedure 54(b) requires the Court to "expressly direct entry of final judgment as to one or more but fewer than all of . . . the parties." *Lowrey v. Federal Express Corp*, ___F.3d ___, ___, 2005 WL 2663190 at *4 (6th Cir. 2005) (internal citations omitted). The Sixth Circuit has explained that "the judgment must represent an ultimate disposition of an individual claim [or party] entered in the course of a multiple claims [or parties] action." *Ibid*. (internal citations and quotation marks omitted). In this case, the defendants failed to appear for the hearing on damages. Because defendant Sherise Powell previously had filed for protection under the Bankruptcy Code, an automatic stay went to effect. *See* 11 U.S.C. § 362. As a result of that stay, the motion for default judgment with respect to that defendant could not proceed. Defendant Powell & Associates, however, is not a beneficiary of the protections of the Bankruptcy Code because it has not filed for such protection. Thus, in granting the plaintiff's motion for default judgment with respect to defendant Powell & Associates, an ultimate disposition of claims against

that defendant occurred. The Court therefore will direct entry of final judgment against defendant Powell & Associates.

The Court must also determine "that there is no just reason for delay" and balance "judicial administrative interests as well as the equities involved" in the case. *Lowrey*, ___ F.3d at ___, 2005 WL 2663190 at *4. The Sixth Circuit has identified a non-exhaustive list of five factors to guide this Court's inquiry.

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Ibid.* The Court finds that although the adjudicated and unadjudicated claims are similar and a reviewing court might be obliged to consider similar issues a second time, there is no counterclaim which could result in set-off judgement sought to be made final. Further, there are serious concerns of solvency of the defendants. Defendant Sherise Powell has filed for bankruptcy protection, the economic viability of the defendant corporation is unclear, and delaying entry of judgment until Sherise Powell is discharged under the Bankruptcy Code may preclude recovery altogether. The Court therefore concludes that there is no just reason for delay and the equities involved favor entry of final judgement.

Accordingly, it is **ORDERED** that the plaintiff's motion for default judgment [dkt #6] is **GRANTED** with respect to defendant Powell & Associates for the reasons stated on the record. The Court will enter final judgment against Powell & Associates in accordance with *Lowrey*.

It is further **ORDERED** that this case shall be **CLOSED** for administrative purposes without prejudice because the remaining defendant is now the subject of a bankruptcy case in which a stay of proceedings or an injunction is in effect. This closing does not constitute a decision on the merits.

It is further **ORDERED** if the bankruptcy stay or the injunction is removed, this case may be reopened on motion of either the plaintiff or defendant Sherise Powell.

                          s/David M. Lawson
                          DAVID M. LAWSON
                          United States District Judge

Dated: November 14, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 14, 2005.

                          s/Tracy A. Jacobs